**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 16 2007**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 06-33227 |
| | ) | JOINTLY ADMINISTERED |
| SAI Holdings Limited, et al., | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSE

The court previously granted by order entered on April 26, 2007 [Doc. #603], the Application of Dennis E. Dahm for Administrative Expense [Doc. # 529]. The allowed administrative expense was a $2,500 completion bonus agreed upon by Debtor Athol Manufacturing Corp. in connection with his temporary assignment to travel from Sandusky, Ohio to be part of a short term transition team working at the Butner, North Carolina facility. There is no dispute that Mr. Dahm fulfilled the terms of his assignment and there is no dispute that Debtor entered into the agreement with him in the ordinary course of business.

Mr. Dahm sent a letter to the court stating that the allowed administrative expense claim has not yet been paid and requesting a further hearing. [Doc. # 603]. The court construes the letter as a motion to compel payment, thus raising the age old question of when administrative expenses allowed under 11 U.S.C. §§ 503(b) and 507(a)(2) can or must be paid in a Chapter 11 case short of the effective date of a confirmed plan, 11 U.S.C. § 1129(a)(9). The determination of timing of payment is generally left to the discretion of the bankruptcy court. *In re Reams Broadcasting Corp.*,153 B.R. 520, 522 (Bankr. N.D. Ohio

1993).

Debtor has not paid the administrative expense because of extreme cash limitations. However, other very substantial administrative expenses have and continue to be paid and nobody can or will say at this time whether this case is administratively insolvent. Mr. Dahm's $2,500 claim is relatively small. But he is also an individual who lost his job and benefits when Debtor Sandusky Limited's facility closed in December, 2006, and then again when his temporary assignment ended in March, 2007, when production abruptly stopped at the Butner facility. The hardship to Mr. Dahm in not getting paid now and waiting out at a minimum this case's first birthday is great, while the overall impact on other unpaid administrative expense claimants should he be paid now and the estate turn out to be administratively insolvent will be relatively small. Moreover, there has been no principled basis identified by any party for distinguishing Mr. Dahm's allowed administrative expense claim, incurred in the ordinary course of Debtor's business, as one that should not be paid before confirmation of a plan from one that should be paid before confirmation of a plan. He is no different than others who have and continue to be paid in providing valuable human capital necessary to effect an orderly liquidation maximizing the value of these estates. *Cf. Specker Motor Sales v. Eisen*, 393 F.3d 659, 664 (6th Cir. 2004).

For these reasons and as otherwise stated on the record at the hearing, good cause appearing,

**IT IS ORDERED** Dennis Dahm's motion to compel payment [Doc. #826] is GRANTED and his administrative expense claim must be paid on or before **September 6, 2007**.