**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 3 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 06-33227 |
| | ) | (Jointly Administered) |
| SAI Holdings Limited, et al., | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**MEMORANDUM OF DECISION AND ORDER DENYING
MOTION TO ORDER ABANDONMENT**

This case is before the court on Toncee, Inc.'s motion ("Motion") brought pursuant to 11 U.S.C. § 554(b) for an order requiring the Liquidating Agent to abandon real estate that is part of the SAI Administrative Claim and Creditor Trust ("SAI Trust"), [Doc. # 1522], and the response filed by the SAI Trust, [Doc. # 1529]. Specifically, Toncee, Inc. ("Toncee") seeks an order requiring the Liquidating Agent of the SAI Trust to abandon real property formerly owned by Debtor Athol Manufacturing Corporation that is located in Butner, North Carolina. At a hearing on the Motion, the court raised the issue of its subject matter jurisdiction with respect to this matter, and the parties subsequently filed supplemental briefs addressing the issue. [Doc. ## 1534 & 1536]. Having considered the parties arguments, for the reasons that follow, the Motion will be denied for lack of jurisdiction.

Pursuant to 28 U.S.C. § 1334, the district court has jurisdiction over "all cases under title 11" and proceedings "arising under," "arising in," or "related to a case under title 11." Since these categories

operate conjunctively to define the scope of jurisdiction, the Sixth Circuit has stated that "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1141 (6th Cir.1991). In determining "related to" jurisdiction in the post-confirmation context where the estate does not continue in existence, "the essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter." *Thickstun Bros. Equip. Co. v. Encompass Servs. Corp. (In re Thickstun Bros. Equip. Co.)*, 344 B.R. 515, 521 (B.A.P. 6th Cir. 2006) (quoting *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166-67 (3rd Cir. 2004)). "'[M]atters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *Id.* (quoting *In re Resorts Int'l, Inc.*, 372 F.3d at 167). On the other hand, as one court has recently summarized, most decisions evaluating post-confirmation jurisdiction "agree that 'related to' jurisdiction requires more than a vague notion that litigation might increase a dividend to creditors under the plan." *Equip. Finders, Inc. v. Fireman's Fund Ins. Co. (In re Equip. Finders, Inc.)*, No. 3:09-bk-10426, Adv. No. 3:11-ap-00252, 2012 Bankr. LEXIS 2666, *34, 2012 WL 2126312 (Bankr. M.D. Tenn. June 12, 2012).

Initially, the court notes that the provision in Debtors' Chapter 11 Plan that the court retains jurisdiction until the plan is fully consummated and in the SAI Trust that the court shall retain jurisdiction over the Trust and the Trust property is not a source of this court's subject matter jurisdiction. Bankruptcy courts are courts of limited jurisdiction and have only the authority conferred on them by federal statutes. *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374, 383 (6th Cir. 2001). Where a court lacks subject matter jurisdiction over a dispute, neither the court nor the parties by agreement can create it by simply providing for it in a plan of reorganization. *Thickstun Bros. Equip. Co.,* 344 B.R. at 521. In this case, the court finds persuasive the argument advanced by the SAI Trust that this court lacks jurisdiction over the subject matter of the Motion.

As stated above, Toncee's Motion seeks an order requiring the Liquidating Agent of the SAI Trust to abandon real property formerly owned by Debtor Athol Manufacturing Corporation that is located in Butner, North Carolina ("Real Property"). As the basis for its Motion, Toncee argues that the Real Property is of no value or benefit to the estate, yet the Liquidating Agent continues to spend money and professional fees administering this property. Thus, the Motion does impact a post-confirmation liquidation trust in that it challenges the Liquidating Agent's business decisions regarding an asset of the trust. However, the court

agrees that alone that fact is insufficient to find the required "close nexus" to the bankruptcy proceeding. *See McKinstry v. Sergent*, 442 B.R. 567, 573 (E.D. Ky. 2011)(distinguishes claims involving pre-petition and mid-bankruptcy conduct from "ancillary matters that arose after confirmation of the bankruptcy plan.").

The court further agrees that any nexus between Toncee's Motion and the bankruptcy plan and proceeding is remote. The Motion is an objection to the Liquidating Agent's business judgment in deciding to administer a Trust asset made four years after confirmation of Debtors' Chapter 11 plan. Unlike the cases cited in support of Toncee's position that this court has jurisdiction over the matter, the Motion does not involve a pre-petition or pre-confirmation claim. It involves only a challenge to post-confirmation decisions made by the Liquidating Agent. Nor does this matter involve enforcement of the court's orders, an interpretation of the Plan or any specific provision of the Plan, a challenge to the Plan, or disbursements under the Plan.

In addition, Toncee styling the Motion as a motion to compel abandonment under § 554(b) does not provide the close nexus required to bring the matter under the court's "related to" jurisdiction as that section is inapplicable in this case. Under § 554(b), upon request of a party in interest, "the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). By its express terms, § 554(b) applies only to abandonment of "property of the estate." The term "property of the estate" refers to the estate created by commencement of a case under §§ 301, 302 or 303 of Title 11 and includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Toncee's Motion was filed nearly four years after confirmation of Debtors' Plan. [Doc. # 984]. The Plan provides that on its effective date, title to property of the Debtors vests in the SAI Trust. [*Id.* at ¶ 8.1]; *see* 11 U.S.C. § 1141(b) (providing that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."). The Plan became effective on November 20, 2007.[1] Consequently, there is no estate, as contemplated in § 554(b) and § 541, now in existence and no property of the estate that the court can order to be abandoned. Thus, as the SAI Trust correctly argues, § 554(b) does not apply to the Real Property, title to which has vested in the SAI Trust. *Cf. Diagnostic Int'l, Inc. v. Aerobic Life Prod. Co. (In re Diagnostic Int'l., Inc.)*, 257 B.R. 511, 515 (Bankr. D. Ariz. 2000) (finding that turnover action under § 542 cannot exist once the bankruptcy court

---

[1] The Plan provides that the effective date is the first business day after the Confirmation Order becomes a final order. [Doc. # 984, ¶ 1.1.31]. The Confirmation Order was entered on November 8, 2007. In accordance with Fed. R. Bankr. P. 8002 and 9006(a) in effect in 2007, the Confirmation Order became a final order on November 19, 2007.

3

confirms the debtor's plan because the estate ceases to exist upon plan confirmation). Instead, the SAI Trust document provides that state (Michigan) law governs "all questions relating to management, administration and investment of the SAI Trust and the Trust Property. " [Doc. # 1550, ¶ 8.5].

For the foregoing reasons, the court finds that the Motion lacks the close nexus necessary for "related to" subject matter jurisdiction. Therefore, good cause appearing,

**IT IS ORDERED** that Toncee, Inc.'s Motion [Doc. # 1522] be, and hereby is, **DENIED.**

###